1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14
15

| | |
|---|---|
| HANJIN SHIPPING COMPANY, LTD., | IN ADMIRALTY |
| Plaintiff, | NO.  11-515 |
| v. | COMPLAINT |
| A&A CONTRACT CUSTOMS BROKERS, USA, INC. and A&A INTERNATIONAL FREIGHT FORWARDING, | |
| Defendants. | |

16    Plaintiff HANJIN SHIPPING COMPANY, LTD., as and for its Complaint, alleges and

17   avers the following:

18    1.    This is an admiralty or maritime claim within the meaning of Rule 9(h) of the

19
20   Federal Rules of Civil Procedure, and is within the jurisdiction of this Court pursuant to the

21   general maritime law, and 28 U.S.C. § 1333.  Venue is proper in this Court.

22    2.    Hanjin Shipping Company, Ltd. ("Hanjin") is a corporation organized and

23   existing pursuant to the laws of the State of New York with its place of business located in

24   Paramus, New Jersey and is engaged in the business of international shipping.

25

COMPLAINT - 1

**GASPICH & WILLIAMS PLLC**
1809 Seventh Avenue, Suite 609
Seattle, WA  98101
Tel.  (206) 956-4204
Fax  (206) 956-4214

3.      A&A Contract Customs Brokers, USA, Inc. is a corporation organized and existing pursuant to the laws of the State of Washington with its place of business at #2 – 12th Street, Blaine, Washington.  A&A operates as a freight forwarder and transportation intermediary and is engaged in, among other things, the transportation of freight in international trade.

4.      A&A International Freight Forwarding is a corporation organized and existing pursuant to the laws of an unknown jurisdiction with its place of business at #2 – 12th Street, Blaine, Washington.  A&A operates as a freight forwarder and transportation intermediary and is engaged in, among other things, the transportation of freight in international trade.  A&A does business as and on behalf of A&A International Freight Forwarding (hereinafter referenced collectively as "A&A").

5.      In or about February 2010, Hanjin entered into a contract of carriage, comprising its bill of lading no. HJSCXNGA16995607 and the relevant terms of its tariff and service contract, with Tianjin Hongtai International as shipper and A&A International Freight Forwarding as consignee to ship a container containing 21 wooden cases of marble carvings, wheel barrow, and granite etchings (the "Goods") from Xingang, China to Long Beach, California aboard the M/V HANJIN DALLAS.

6.      The Goods were loaded into a Hanjin container no. HJCU 8171548 and delivered to Hanjin at Xingang.  Hanjin loaded the container on board the M/V HANJIN DALLAS on February 6, 2010.  The container was transported to Long Beach and discharged from the vessel on February 27, 2010.

COMPLAINT - 2

GASPICH & WILLIAMS PLLC
1809 Seventh Avenue, Suite 609
Seattle, WA  98101
Tel.  (206) 956-4204
Fax  (206) 956-4214

7.      The container was examined at Hanjin's terminal by U.S. Customs on or about March 2, 2010, and designated for a detailed examination.  The container was taken on or about March 5, 2010, to an examination facility, USC Intermodal Services.  Upon further examination of the Goods, U.S. Customs determined that the wooden crates/pallets used to stow the Goods within the container did not comply with U.S. customs regulations and ordered that they be returned to origin, i.e., China.

8.      Hanjin attempted repeated and numerous communications with Tianjin Hongtai International and A&A between March 2010 and February 2011 demanding that they arrange for re-export of the wooden crates/pallets in accordance with the order by U.S. Customs and pay all sums due under the contract of carriage resulting from their failure to stow the Goods properly.

9.      A&A agreed to ship the Goods back to China, but refused to pay or to take responsibility for the costs associated with storage of the goods or re-export.  Neither Tianjin Hongtai International nor A&A would provide confirmation that customs authorities in China would accept and clear the wooden crates/pallets upon re-export.

10.      Hanjin requested permission from U.S. Customs to dispose of the wooden crates/pallets in the United States, but such permission was refused.  U.S. Customs would not permit movement of the wooden crates/pallets and container until arrangements were made for re-export.

11.      The contract of carriage provides that A&A is responsible for all damages and expenses arising from any failure to perform its obligations pursuant thereto.   Hanjin incurred various damages in connection with the aforesaid problems and shipping the container and wooden crates/pallets back to China.

COMPLAINT - 3

GASPICH & WILLIAMS PLLC
1809 Seventh Avenue, Suite 609
Seattle, WA  98101
Tel.  (206) 956-4204
Fax  (206) 956-4214

1    12.    A&A was obligated under the contract of carriage to remove the Goods and return

2    the container to Hanjin.  The contract of carriage allowed A&A five days of "free time" upon

3    arrival of the container in the U.S., excluding Saturdays, Sundays, and holidays, to pick up the

4    Goods.  After expiration of free time, the contract of carriage provides that A&A shall pay a

5    detention charge of $85 per day until the empty container is returned to Hanjin.

6    14.    The wooden pallets were loaded back into the container and shipped back to

7    origin by Hanjin on March 7, 2011.   Detention charges accrued in the amount of $28,900.

8    15.    In connection with the re-export of the container, Hanjin incurred a truck drayage

9    charge of $330 to take the container from USC Intermodal Services back to its Long Beach

10   terminal, a handling charge of $46.85 to shift the container at its Long Beach terminal, and an

11   ocean freight charge of $1,466 to re-export the container to China.

12   16.    Hanjin will incur additional damages including attorney fees, legal costs, and

13   other expenses, which are recoverable, in amounts to be determined at trial.

14   WHEREFORE, Plaintiff HANJIN SHIPPING COMPANY, LTD. prays that the Court

15   enter judgment against A&A CONTRACT CUSTOMS BROKERS USA INC. and in favor of

16   HANJIN SHIPPING COMPANY, LTD. for $30,743.85, an amount to be determined at trial for

17   pre-judgment interest, taxable costs, and legal fees incurred in pursuing this action, and such

18   further relief as it deems just and proper.

COMPLAINT - 4

GASPICH & WILLIAMS PLLC
1809 Seventh Avenue, Suite 609
Seattle, WA  98101
Tel.  (206) 956-4204
Fax  (206) 956-4214

1

DATED this 24th day of March, 2011.

2

GASPICH & WILLIAMS PLLC

3

4

s/Anthony J. Gaspich

Anthony J. Gaspich, WSBA No. 19300

5

Russell R. Williams, WSBA No. 21203

Attorneys for Plaintiff Hanjin Shipping Co., Ltd.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT - 5

**GASPICH & WILLIAMS PLLC**
1809 Seventh Avenue, Suite 609
Seattle, WA  98101
Tel.  (206) 956-4204
Fax  (206) 956-4214